**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHER DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **AMERICAN SERVICE INSURANCE** | § | |
| **COMPANY, INC.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | C.A No.:____ 10_____ |
| **JOSE DUENAS CARDIEL D/B/A/** | § | |
| **TRANSPORTANTES DUENAS** | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT AND FOR MONETARY DAMAGES

NOW COMES, the Plaintiff, **AMERICAN SERVICE INSURANCE COMPANY, INC.**, and complaining of the Defendants respectfully states upon information and belief:

### A. The Parties

1.    The Plaintiff is **AMERICAN SERVICE INSURANCE COMPANY, INC.** (hereinafter, "ASI") an Illinois insurance company authorized to do business in the State of Texas.

2.    The Defendants are: **JOSE DUENAS CARDIEL D/B/A TRANPOSTANTES DUENAS** (hereinafter, "Defendants").

3.    Each of the Defendants is a resident of the Republic of Mexico.

4.    The Defendants may be served with process Martin Arechiga Num 4501 Col. Anahuac, Nuevo Laredo, Tamps., in the Republic of Mexico.

### B. Jurisdiction

5.    The Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(2) because ASI is the citizen of a state, the Defendants are citizens of a foreign state, and the amount in controversy, excluding costs and interest, exceeds $75,000.00.

### C. Venue

6.     Venue is proper in this district under 28 U.S.C. 1391(a) because a substantial part of the events giving rise to this claim occurred in this district.

### D. Facts

**The insurance policy**

7.     The Defendants were the Named Insureds under Policy Number AST07-000591 (hereinafter, "the policy") issued by ASI.

8.     The policy had a Policy Period of 10/07/2007 to 10/07/2008 and provided a $750,000.00 combined single limit of liability.

9.     The policy provided, in relevant part, that ASI ". . . will pay on behalf of the insured all sums, except punitive or exemplary damages, which the insured shall become legally obligated to pay as damages because of . . . bodily injury . . . to which this insurance applies, caused by an accident and arising out of the ownership, maintenance or use of an *owned vehicle* . . ." (emphasis added).

10.     The policy defined "owned vehicle," in relevant part, as "a vehicle which is owned by and titled in the name of the named insured and described on the declarations page at the original issue." The declarations page of the policy listed two scheduled vehicles that were identified by their vehicle identification numbers ("VIN numbers"), a 1993 Freightliner bearing VIN number 1FUYDSEB3PP473902 and a 1996 Freightliner bearing VIN number 1FUY3MDB8TP864573.

11.     The policy also included a Form MCS-90 endorsement, as provided for by the Motor Carrier Act of 1980 and rules and regulations of the Federal Motor Carrier Safety Administration. Consistent with 49 C.F.R §387.15, this endorsement provided, in relevant part:

. . . the insurer (the company) agrees to pay, within the limits of liability described [in the policy], any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to [the Act] . . . regardless of whether or not each motor vehicle is specifically described in the policy . . . However, all terms, conditions, and limitations in the policy to which this endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

## The accident

12.     On August 7, 2008, a vehicle owned by the Defendants and operated with the consent of the Defendants was involved in an accident in the S & R Forwarding Yard, in Laredo, Texas. The accident involved the Defendants' vehicle striking of Mr. Russell Jenkins (hereinafter, "the claimant") and causing bodily injuries to the claimant that resulted in the amputation of one of his legs.

13.     The vehicle involved in the accident, while owned by the Defendants, was not one of the two vehicles that were listed "owned vehicles" in the policy.

14.     The claimant instituted a lawsuit styled Cause No. 2008-CVE-001673-03; Russell Jenkins vs. Jose M. Duenas; Duenas Transfer, Inc., and Jose Duenas Cardiel d/b/a Transportes Duenas; in the 341st Judicial District Court; Webb County, Texas. The lawsuit alleged, *inter alia*, that the claimant was caused to sustain bodily injuries as the result of the negligence of the Defendants and sought to recover damages for the bodily injuries from the Defendants.

15.     ASI investigated the claim and determined that the Defendants were entitled to a defense to the claim under the terms of the policy, that the claimant sustained serious bodily injuries in the accident, that the Defendants were negligent in causing those serious bodily

injuries to the claimant, and that the Defendants probably would be subject to a jury verdict in excess of the policy's $750,000.00 Limit of Liability if the claim was litigated to conclusion.

16.     A time-limited settlement demand in the amount of $750,000.00 was made by the claimant in that litigation.

17.     Based on its investigation and the advice of defense counsel, ASI decided to settle the claimant's claim for the $750,000.00 Limit of Liability set forth in the policy.

18.     ASI also determined that, because the vehicle involved in the accident was not one described as an "owned vehicle" under the terms of the policy, its obligation to make payment in settlement of the claimant's claim was mandated only by the provisions of the Form MCS-90 endorsement.

19.     Prior to making payment in settlement of the claimant's claim, ASI informed the Defendants as to its determinations as to coverage available under the policy, informed the Defendants of the application of the Form MCS-90 endorsement, informed the Defendants of ASI's intention to settle the claimant's claim by payment of the policy's $750,000.00 Limit of Liability, and requested that the Defendants provide any information they believed would be relevant to coverage under the policy and/or settlement of the claimant's claim for $750,000.00.

20.     The Defendants failed to offer any response or to object to the settlement of the claimant's claim for the policy's Limit of Liability.

21.     Thereafter, on or about August 31, 2009, ASI settled the claimant's claim by payment of $750,000.00 pursuant to the obligation to make payment under the Form MCS-90 endorsement.

### E. Declaratory Judgment

22.     ASI respectfully seeks a judgment declaring that there was no insurance coverage provided under the policy by virtue of the vehicle involved in the claimant's claim not qualifying as an "owned vehicle" for which coverage would apply.

23.     ASI respectfully seeks a further declaration that its payment in settlement of the claimant's claim was pursuant to the Form MCS-90 endorsement

**There was no insurance coverage afforded under the policy.**

24.     ASI repeats, reiterates, and realleges the allegations contained in paragraphs "7" through "10," "12," and "13" as if set forth here in full.

25.     Information supplied by the Defendants indicated that the vehicle involved in accident with the claimant was a 1996 Freightliner tractor bearing VIN number 1FUYDSEB9TH566881 or VIN number 1FUYDSEB9TH666881. Neither of these VIN numbers match those of the vehicles that were "owned vehicles" under the terms of the policy.

26.     Because the vehicle involved in the accident with the claimant was not an "owned vehicle," no insurance coverage was afforded for the accident with the plaintiff under the policy.

**Payment was made by ASI pursuant to the Form MCS-90 endorsement.**

27.     ASI repeats, reiterates, and realleges the allegations contained in paragraphs "7" through "21," "25," and "26" as if set forth here in full.

28.     Even though the vehicle involved in the accident was not an "owned vehicle" under the policy and there was no insurance coverage afforded under the policy for the accident with the claimant, the provisions of the Form MCS-90 endorsement provided that ASI was required to make payment to the claimant for his bodily injuries caused by the accident.

29.    ASI's payment to the claimant was made pursuant to its obligations under the Form MCS-90 endorsement.

## F. Damages for reimbursement due ASI

30.    ASI repeats, reiterates, and realleges the allegations contained in paragraphs "7" through "29" as if set forth here in full.

31.    Pursuant to the Form MCS-90 endorsement, an insured agrees to reimburse an insurer for any payment made by the insurer on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

32.    But for the terms of the Form MCS-90 endorsement, ASI would not have been obligated to make a payment under the provisions of the policy because the vehicle involved in the accident with the claimant was not an "owned vehicle" and, therefore, there was no insurance coverage provided under the terms of the policy.

33.    ASI was compelled to make a payment of $750,000.00 to the claimant on account of the accident with the claimant.

34.    Having made a payment pursuant to the provisions of the Form MCS-90 endorsement, the Defendants are obliged to reimburse ASI for the $750,000.00 ASI made to resolve the claimant's claim.

## G. Prayer

35.    For the reasons set forth herein, the Plaintiff, ASI, respectfully asks the Court to render judgment against the Defendants for the following:

a.     A Judgment declaring that there was no insurance coverage afforded by the policy for the Defendants for the claimant's claim;

b.     A Judgment declaring that the payment made by ASI to the claimant in satisfaction of the claimant's claim was made pursuant to the Form MCS-90 endorsement of the policy;

c.     Awarding ASI damages against the Defendants in the amount of $750,000.00 as reimbursement of its payment in satisfaction of the claimant's claim against the Defendants pursuant to the Form MCS-90 endorsement;

d.     The award of reasonable attorneys' fees to ASI; and,

e.     The award of costs of court to ASI; and

f.     Pre and post judgment interest to ASI.

WHEREFORE, PREMISES CONSIDERED, **AMERICAN SERVICE INSURANCE COMPANY, INC.** respectfully prays for judgment declaring the rights and obligations of the parties, the award of damages, reasonable attorneys' fees, and pre and post judgment interest.

Respectfully submitted,

By: _____

**JOSEPH P. FINEGAN  --  Attorney-in-Charge**
State Bar No. 24039569
Federal Bar No.  33675
**UPTON, MICKITS & HEYMANN, L.L.P.**
Frost Bank Plaza
802 N. Carancahua, Suite 450
Corpus Christi, Texas  78401
(361) 698-8214
(361) 884-5291 (Fax)

**ATTORNEYS FOR PLAINTIFF,
AMERICAN SERVICE INSURANCE
COMPANY, INC.**